Filed 6/11/25  Trunick v. Callaway CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SHELLEY TRUNICK, as Co-Trustee, etc., et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> RICHARD CALLAWAY, <br><br> Defendant and Respondent. | F086766 <br><br> (Super. Ct. No. BPB-18-002894) <br><br><br> **OPINION** |

APPEAL from an order of the Superior Court of Kern County.  Brett V. Myers, Commissioner.

Dake, Braun & Monge, Craig N. Braun; Darling & Wilson and Joshua G. Wilson for Plaintiffs and Appellants.

Ventura Coast Law, Kymberley E. Peck; Ferguson Case Orr Paterson and Wendy C. Lascher for Defendant and Respondent.

-ooOoo-

This appeal arises from probate litigation related to a trust created by the Callaway family for Callaway family members.  Two beneficiaries of the trust (siblings Richard Callaway and Gary Callaway) brought an amended petition for removal of the co-trustees of the trust (their other two siblings, Shelley Trunick and Wayne Callaway), for breaches

of various fiduciary duties. Following a court trial, the probate court found the co-trustees had violated multiple fiduciary duties and committed "an extreme act of misconduct" that constituted "a breach of trust." The probate court ordered the reversal of various actions taken by the co-trustees and removed the co-trustees.

The probate court also found that Richard Callaway (Richard), who took the lead in the litigation on behalf of himself and Gary Callaway, was the "prevailing party" on his amended petition for removal of the co-trustees. The probate court awarded prejudgment attorney fees and costs to Richard pursuant to Probate Code section 17211,[1] subdivision (b). The court observed that fees and costs "incurred on the amended petition for removal" were granted based on an "extreme act of misconduct undertaken in bad faith" by co-trustees.

In a prior appeal filed in this court, co-trustees Shelley Trunick and Wayne Callaway (co-trustees) appealed the trial court's judgment on Richard's petition for removal of trustees. In that appeal, co-trustees did *not* challenge the trial court's award to Richard, pursuant to section 17211, of prejudgment attorney fees and costs. We affirmed the judgment in its entirety, including the provision awarding prejudgment attorney fees and costs to Richard. We subsequently lost jurisdiction over the judgment.

While co-trustees' appeal of the judgment on Richard's petition for removal of co-trustees was pending, Richard brought a motion for attorney fees and costs in the probate court, as authorized by the judgment. Co-trustees did not timely oppose Richard's motion for attorney fees and costs. The probate court granted Richard $72,073.50 in attorney fees and $11,558.35 in costs.

Co-trustees now appeal the probate court's order granting Richard $72,073.50 in attorney fees. Co-trustees' contentions on appeal are, however, directed to the underlying judgment, which awarded attorney fees to Richard pursuant to section 17211, subject to

---

[1] All statutory references are to the Probate Code unless otherwise stated.

2.

an appropriate motion to determine *the amount* of fees. More specifically, co-trustees now contend the probate court erroneously awarded fees pursuant to section 17211, subdivision (b). Since we no longer have jurisdiction over the underlying judgment that awarded the attorney fees under section 17211, these contentions are untimely and unavailing. Accordingly, we affirm the probate court's order granting $72,073.50 in attorney fees and $11,558.35 in costs, to Richard.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The factual background of this matter was extensively detailed in this court's opinion in co-trustees' prior consolidated appeal, which arose from the trial court's respective judgments on (1) Richard's amended petition for removal of co-trustees and (2) co-trustees' petition for approval of trustee accounting. (See *Trunick, et al. v. Callaway, et al.*, (May 1, 2025, F084692, F085293) [nonpub. opn.].) Accordingly, we need not repeat it here.

### A.      Prior Appeal from Judgment on Richard's Amended Petition for Removal

A combined trial on Richard's amended petition for removal of trustees and co-trustees' petition for approval of trustee accounting took place over four days, November 1-4, 2021. Richard's amended petition to remove co-trustees sought, in addition to removal of co-trustees, reimbursement for attorney fees and costs he had incurred in the litigation to remove co-trustees for breaching their fiduciary duties.

On April 28, 2022, the trial court[2] issued a tentative decision and order on the amended petition for removal of co-trustees. The court found the co-trustees had breached multiple fiduciary duties and committed a breach of trust. The court found that the co-trustees' conduct "calls for the removal of the co-trustees for the preservation of the [trust estate] and to prevent further injury to the beneficiaries[.]" The trial court also addressed Richard's request for "an award of attorney's fees and costs as part of the relief

_____

[2] Judge Andrew B. Kendall.

3.

sought." The court discussed Richard's entitlement to attorney fees and costs under section 17211, subdivision (b)[3] and *Leader v. Cords* (2010) 182 Cal.App.4th 1588, 1600 (*Leader*). The court noted that the co-trustees had committed "an extreme act of misconduct" that was "undertaken in bad faith." The court further clarified: "It is based on this extreme act of misconduct undertaken in bad faith that the court awards Petitioner's attorney's fees and costs incurred on the amended petition for removal."

To reiterate, the court found that section 17211, subdivision (b) and *Leader, supra,* 182 Cal.App.4th 1588 were applicable to the circumstances of the instant case and awarded to Richard "attorney's fees and costs incurred on the amended petition for removal." More specifically, the court ordered: "The court awards costs and attorney's fees to the Petitioner, Richard Callaway, to be determined pursuant to a motion for attorney's fees pursuant to CRC Rule 3.1702(b) and a memorandum of costs to be requested in accordance with CRC Rule 3.1700." The court granted the parties 10 days to raise any controverted issues or make proposals not included in the tentative decision. Both sides filed responses to the tentative decision. Co-trustees, in their response, did *not* object to the trial court's award of attorney fees and costs to Richard pursuant to section 17211 and *Leader*, *supra*, 182 Cal.App.4th 1588.

On June 1, 2022, the trial court, in light of the parties' responses, issued a *modified* tentative decision. Since co-trustees did not object to the court's analysis regarding Richard's entitlement to attorney fees and costs under section 17211 and *Leader, supra*, 182 Cal.App.4th 1588, the court's discussion of these authorities and award of attorney

---

[3] Section 17211, subdivision (b) provides: "If a beneficiary contests the trustee's account and the court determines that the trustee's opposition to the contest was without reasonable cause and in bad faith, the court may award the contestant the costs of the contestant and other expenses and costs of litigation, including attorney's fees, incurred to contest the account. The amount awarded shall be a charge against the compensation or other interest of the trustee in the trust. The trustee shall be personally liable and on the bond, if any, for any amount that remains unsatisfied."

fees and costs to Richard, remained unchanged. Similarly, the court again ordered: "The court awards costs and attorney's fees to the Petitioner, Richard Callaway, to be determined pursuant to a motion for attorney's fees pursuant to CRC Rule 3.1702(b) and a memorandum of costs to be requested in accordance with CRC Rule 3.1700." The court again granted the parties 10 days to raise any controverted issues or make proposals not included in the tentative decision.

Richard filed a response to the modified tentative decision but co-trustees did not. On July 19, 2022, the trial court issued a *further modified* tentative decision on the amended petition. Given the lack of objection, there was no change to the award of attorney fees and costs to Richard in the further modified tentative decision. The court once again granted the parties 10 days to raise any controverted issues or make proposals not included in the tentative decision.

Co-trustees filed objections to the further modified tentative decision on Richard's amended petition for removal. However, once again co-trustees did *not* object to the trial court's award of attorney fees and costs to Richard pursuant to section 17211 and *Leader, supra,* 182 Cal.App.4th 1588. On August 31, 2022, the trial court issued the following findings and orders: "The Court has read and reviewed the [co-trustees'] objections to the [further modified tentative decision] … and overrules those objections. Therefore, the order entered on 7/19/2022 is the statement of decision of the Court. The Court finds that Richard S. Callaway is the prevailing party[.]"

Judgment was entered on November 8, 2022. Among other things, the judgment provided: "Petitioner Richard Callaway is awarded his costs of suit herein, said costs to be determined by way of a cost memorandum submitted in accordance with California Rules of Court, Rule 3.1700. *Further, it is the judgment of this Court that Petitioner Richard Callaway is awarded his attorney's fees, the amount of said costs and fees to be determined by way of a motion for attorney's fees pursuant to CRC Rule 3.1702(b).*"

(Italics added.)  On November 22, 2022, co-trustees filed a notice of appeal from the trial court's judgment (that is, the prior appeal).

Co-trustees proceeded with the appeal from the trial court's judgment removing the co-trustees and awarding attorney fees and costs to Richard Callaway.  Co-trustees did *not* challenge on appeal, the trial court's award of attorney fees and costs to Richard pursuant to section 17211 and *Leader*, *supra*, 182 Cal.App.4th 1588.  In an opinion filed on May 1, 2025, this court affirmed the judgment in its entirety.  The opinion subsequently became final and this court lost jurisdiction over the matter.

**B.      Instant Appeal From Richard's Motion for Attorney Fees and Costs**

In the meantime, pursuant to a stipulation of the parties,[4] Richard filed in the trial court, a motion for attorney fees and costs.  Richard's motion for attorney fees and costs noted:  "Through the Judgment, Petitioner was awarded his pre-judgment attorneys' fees and costs and ordered to file a motion pursuant to California Rules of Court, Rule 3.1700 and 3.1702."  The motion further stated:  "Petitioner respectfully prays for an order by this Court awarding Petitioner the sum of $99,156.00 in pre-judgment attorneys' fees and costs in the amount of $11,558.00[.]"

Co-trustees filed an opposition to Richard's motion for attorney fees and costs.  Co-trustees' opposition stated, among other things:  "While this Court's judgment in connection with the Removal Petition is now pending on appeal *and therefore beyond the jurisdiction of the Court*, it should be noted that the award of attorneys' fees is premised

---

[4] By stipulation filed on February 16, 2023, the parties agreed as follows:  "The judgment entered in connection with the Accounting Petition that is the subject of the appeal in case no. F084692, and the judgment entered in connection with the Removal Petition that is the subject of the appeal in case no. F085293, including all matters embraced in or affected by these judgments, including enforcement, are stayed pending appeal, however, the collateral matters related to costs, attorneys' fees and, or the right to seek or move for the appointment of a special trustee under Probate Code section 1310, subdivision (b) are hereby excepted herefrom, with all rights, claims, arguments, defenses or other relief as to such collateral matters specifically reserved to the respective parties."

upon Probate Code section 17211, subdivision (b)." (Italics added.) Richard filed a reply.

On March 30, 2023, a hearing was held on Richard's motion for attorney fees and costs. At the start of the hearing, the trial court[5] observed: "This matter is only for a Motion For Attorney's Fees. Now, there was a late-filed opposition with no [Code of Civil Procedure, section] 473 Motion pertaining to the late filing of the opposition. And we do have an issue still with regard to the timing of the filing of the Motion For Attorney's Fees. The court has read the paperwork." Co-trustees' counsel responded, with respect to his late-filed opposition: "Obviously, there was a catastrophic error in my office." The court noted: "The court, because of the late filing, is not going to consider the opposition." Co-trustees' counsel declined the court's offer to be heard on the issue, stating: "It's well within the court's discretion to disregard my late-filed opposition."

The court then turned to the timeliness of Richard's motion for attorney fees and costs. The court allowed the parties to submit supplemental papers solely on the issue of the timeliness of Richard's motion for attorney fees and costs. The court set the matter for further hearing on April 14, 2023.

Both parties submitted supplemental briefs addressing the question of the timeliness of Richard's motion for attorney fees. The court held a hearing on Richard's motion for attorney fees on April 14, 2023; the court received argument from both sides at the hearing. Co-trustees did not include the reporter's transcript for the April 14, 2023, hearing in the record on appeal, thereby rendering the record incomplete.

On June 26, 2023, the trial court issued its order on Richard's motion for attorney fees and costs. The court observed that attorney fees and costs were awarded to Richard under the judgment entered in the matter on November 8, 2022. The amount of attorney fees and costs were to be determined by way of a motion for attorney fees pursuant to

---

[5] Commissioner Brett V. Myers.

California Rules of Court, rule 3.1702(b) and the amount of costs were to be determined by way of a memorandum of costs submitted in accordance with California Rules of Court, rule 3.1700.

The court noted in its order that Richard had filed the requisite motion for attorney fees on February 8, 2023. The court ruled: "[T]he court extends the date for the filing of the motion for attorney's fees to and including February 8, 2023 and further finds that the Motion was timely filed in this case." The court stated: "Further, *there being no objection to the attorney's fees requested by Richard*, the court finds upon its review of the fee billing statements provided[,] that the attorney's fees requested by the instant motion were based on legal services which were reasonably and necessarily incurred, that the hourly rate charged for such services was at or below the rates charged by local counsel for similar services under the circumstances presented[,] and the number of hours spent in providing such services was also reasonable given the services provided, notwithstanding some 'block billing' entries made for the some of the services provided." (Italics added.)

The court added: "The court does note that some of the billing entries were completely redacted and cannot determine that services provided therein were reasonably necessary, nor can the court determine that the hours spent in providing such services were reasonable. Therefore, the court cannot approve the attorney's fees requested for such services, absent non-redacted entries being submitted for the court's review." The court awarded attorney fees in the amount of $72,073.50. The court concluded: "The attorney's fees awarded in the amount of $72,073.50 is subject to reduction upon proof of any proper credits for previous attorney's fee payments made by the co-trustees to Richard S. Callaway in this matter."

As to Richard's memorandum of costs, the trial court found it too was timely. The court awarded costs in the amount of $11,558.35 to Richard.

# DISCUSSION

## I. Co-Trustees' Contentions Are Unavailing

Co-trustees contend, "The appeal presented here arises from the trial court's grant of a motion for an award of attorneys' fees to Respondent, Richard Callaway, after trial."[6]  However, co-trustees' actual claims on appeal do not arise from and are not related to the trial court's order on Richard's motion for attorney fees.  Rather, co-trustees' instant challenges are directed to the trial court's November 8, 2022, judgment in the underlying matter (that is, Richard's amended petition for removal), which judgment preceded the trial court's June 26, 2023, order on Richard's motion for attorney fees.  Indeed, co-trustees' appeal from the judgment (that is, the prior appeal) was pending in this court at the time the trial court ruled on Richard's motion for attorney fees.[7]

As noted above, the November 8, 2022, judgment provided:  "Petitioner Richard Callaway is awarded his costs of suit herein, said costs to be determined by way of a cost memorandum submitted in accordance with California Rules of Court, Rule 3.1700.  *Further, it is the judgment of this Court that Petitioner Richard Callaway is awarded his attorney's fees, the amount of said costs and fees to be determined by way of a motion for attorney's fees pursuant to CRC Rule 3.1702(b).*"  (Italics added.)  The judgment was entered based on the court's "Further Modified Tentative Decision and Order on Amended Petition for Removal of Co-Trustees; Appointment of Successor Trustee; Surcharge; Attorney's Fees and Costs," which was  "attached … and … incorporated into [the] Judgment."  The decision underlying the judgment—and referenced and incorporated therein—similarly provided:  "The court awards costs and attorney's fees to

---

[6] The trial court's order on Richard Callaway's motion for attorney fees was issued on June 26, 2023.

[7] Co-trustees had filed on November 22, 2022, a notice of appeal from the November 8, 2022, judgment.

the petitioner, Richard Callaway, to be determined pursuant to a motion for attorney's fees pursuant to CRC Rule 3.1702(b) and a memorandum of costs to be requested in accordance with CRC Rule 3.1700." The decision further clarified that attorney fees were awarded to Richard under section 17211, subdivision (b) and *Leader, supra,* 182 Cal.App.4th 1588, 1600.

In their instant brief, co-trustees state: "In its *judgment* relating to the removal of … co-trustees under [Richard's] Amended Petition, the trial court awarded [Richard] his attorney's fees pursuant to Probate Code section 17211, subdivision (b) and in reliance on the holding in *Leader v. Cords* (2010) 182 Cal.App.4th 1588 ('*Leader*')." (Footnote omitted, italics added.) Co-trustees further acknowledge that they had filed *a prior appeal from the trial court's judgment* relating to Richard's petition for removal, etc. Nonetheless, co-trustees now claim, belatedly, that the trial court erred in awarding attorney fees to Richard pursuant to section 17211 (*as set forth in the judgment*).

As clear from the record and co-trustees' brief itself, co-trustees' challenge is untimely and should have been raised in co-trustees' prior appeal from the judgment. In their prior appeal from the judgment, co-trustees *failed to challenge* the trial court's award—pursuant to section 17211, subdivision (b)—of attorney fees and costs to Richard. This court affirmed the judgment in its entirety, in an opinion issued on May 1, 2025, in the prior appeal. (See *Trunick, et al. v. Callaway, et al.*, (May 1, 2025, F084692, F085293) [nonpub. opn.].) This court no longer has jurisdiction to entertain a challenge to the judgment. Accordingly, co-trustees' contentions are unavailing.

Even if we had jurisdiction to entertain co-trustees' instant claims, co-trustees' contention that the trial court erred in awarding attorney fees to Richard pursuant to section 17211, subdivision (b) would fail. Co-trustees did not object to the trial court's successive tentative decisions on Richard's amended petition for removal, which decisions awarded attorney fees and costs to Richard under section 17211. Although co-trustees had multiple opportunities to object to the award of attorney fees and costs, they

10.

did not do so. Co-trustees filed objections to the successive tentative decisions on *other* grounds, but they did not object to the award, pursuant to section 17211, of attorney fees and costs. They have thus forfeited their claim on appeal. (See *Porterville Citizens for Responsible Hillside Development v. City of Porterville* (2007) 157 Cal.App.4th 885, 912 "[[W]hen a trial court announces a tentative decision, a party who failed to bring any deficiencies or omissions therein to the trial court's attention forfeits the right to raise such defects or omissions on appeal."]; *Quiles v. Parent* (2018) 28 Cal.App.5th 1000, 1013 [" 'Failure to raise specific challenges in the trial court forfeits the claim on appeal.' "].)

Indeed, at no time below did the co-trustees object to the award of attorney fees to Richard under section 17211. (See *DiCola v. White Bros. Performance Products, Inc.* (2008) 158 Cal.App.4th 666, 677 [litigants may not make arguments for the first time on appeal]; *City of San Diego v. D.R. Horton San Diego Holding Co., Inc.* (2005) 126 Cal.App.4th 668, 685 [same].) Although co-trustees referred to section 17211 in their opposition to Richard's motion for attorney fees, their opposition was untimely and was not considered by the court. Furthermore, although co-trustees referred to section 17211 in their untimely opposition, they acknowledged that the issue was not properly before the court.[8]

Finally, co-trustees have not included in the record on appeal, the reporter's transcript of the April 14, 2023, hearing on Richard's motion for attorney fees, triggering the doctrine of implied findings and precluding reversal. In the absence of a reporter's

---

[8] Co-trustees' untimely opposition to Richard's motion for attorney fees, stated: "While this Court's judgment in connection with the Removal Petition is now pending on appeal *and therefore beyond the jurisdiction of the Court*, it should be noted that the award of attorneys' fees is premised upon Probate Code section 17211, subdivision (b)." (Italics added.)

11.

transcript, we must conclusively presume the court's findings—express or implied—were sufficiently supported.  (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154.)

## DISPOSITION

The trial court's order on Richard Callaway's motion for attorney fees and costs is affirmed.  Richard Callaway is awarded his costs on appeal.


SNAUFFER, J.

WE CONCUR:


DETJEN, Acting P. J.


PEÑA, J.